FILED
2010 Feb-02  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

IN RE:  CHANTIX
(VARENICLINE) PRODUCTS
LIABILITY LITIGATION

Master File No.: 2:09-CV-2039-IPJ
MDL No. 2092

This Order Relates To:

    ALL CASES

**PRETRIAL ORDER NO.1:
ORGANIZATION OF
PLAINTIFFS' AND
DEFENDANTS' COUNSEL**

Now before the Court is the Petition for Appointment of Plaintiffs'

Leadership Structure and the parties' agreed proposal for the organization of

plaintiffs' and defendants' counsel.  No objection having been filed, the Court

orders as follows:

## I.    <u>SCOPE OF ORDER</u>

1.    <u>Order Applicable to All Cases in MDL Proceedings</u>.  This Order

shall apply to all cases currently pending in *In re: Chantix (Varenicline)*

*Products Liability Litigation*, MDL No. 2092 and to all related actions that have

been or will be originally filed in, transferred to, or removed to this Court and

assigned thereto (collectively, "the MDL proceedings").  This Order is binding

on all parties and their counsel in all cases currently pending or subsequently

made part of the MDL proceedings.

## II.    <u>PLAINTIFFS' LEADERSHIP STRUCTURE</u>

2.    The Court appoints the following attorneys and positions:

a.    Plaintiffs' Lead Counsel, Ernest Cory;

b.    Plaintiffs' Liaison Counsel, Joe R. Whatley, Jr.;

c.    Plaintiffs' Executive Committee ("PEC"), Ernest Cory, H. Blair Hahn, Ramon R. Lopez, W. Mark Lanier and Tara D. Sutton;

d.    Plaintiffs' Steering Committee ("PSC"): Joe R. Whatley, William M. Audet, Martin Crump, Clinton B. Fisher, Marc D. Grossman, Dave Miceli, David Ratner, Kristian Rasmussen, Shay Samples, and Gerald B. Taylor, Jr.;

e.    Plaintiffs' State/Federal Liaison Counsel: Jayne Conroy and David Ratner.

3.    These designations are of a personal nature.  Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them, on their own request or this Court's own motion, should they become unable to do so.

4.    This Court may amend or expand the PSC upon request from the PEC or on its own motion, if and as circumstances warrant.  Contact information for all members of the Plaintiffs' Leadership Structure appears on Exhibit A.

### III.  **RESPONSIBILITIES OF THE PEC**

5.      The PEC is chaired by Plaintiffs' Lead Counsel and is vested by the Court with the authority and duty to coordinate and oversee the responsibilities of the PEC and the PSC set forth below; to schedule meetings and keep minutes or transcripts of these meetings; to appear at periodic court noticed status conferences and hearings; to sign and file pleadings relating to all actions; to bind the PEC in scheduling depositions, setting agendas, entering into stipulations, and in other necessary interactions with defense counsel.  Lead Counsel shall perform other necessary administrative and logistic functions of the PSC and carry out any other duty as the Court may order.

6.      The PEC is given the responsibility to create such committees and subcommittees of the PSC as are necessary to efficiently carry out its responsibilities, to designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PSC), as may be required for the common benefit of plaintiffs.  All attorneys carrying out such common benefit work who may look to any common fund or agreement for reimbursement or compensation shall maintain and submit time and expense records.   The hourly rate of such common benefit work will be specified by the Court in a subsequent Order.  All such reimbursement and compensation shall be subject to this Court's approval.

3

7.     The PEC will share in the responsibilities of the PSC as outlined

below.

## IV.    RESPONSIBILITIES OF THE PSC

8.     The PSC will have the following responsibilities:

a.     Discovery

i.     Initiate, coordinate, and conduct all pretrial discovery

on behalf of plaintiffs in the MDL proceedings and coordinate to the extent

possible with any Chantix product liability state court actions ("the state court

proceedings") to avoid duplicative depositions or other inefficient discovery.

ii.     Develop and propose to the Court schedules for the

commencement, execution, and completion of all discovery on behalf of all

plaintiffs.

iii.     Cause to be issued in the name of all plaintiffs the

necessary discovery requests, motions, and subpoenas pertaining to any

witnesses and documents needed to properly prepare for the pretrial of relevant

issues found in the pleadings of this litigation.  Similarly, requests, notices, and

subpoenas may be caused to be issued by the PSC upon written request by an

individual attorney in order to assist him/her in the preparation of the pretrial

stages of his/her client's particular claims.

iv.     Conduct all discovery in a coordinated and

consolidated manner on behalf and for the benefit of all plaintiffs.

      b.    <u>Hearings and Meetings</u>

           i.    Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

           ii.    Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

           iii.    Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

      c.    <u>Miscellaneous</u>

           i.    Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

           ii.    Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any

attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation.  Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

   iii. Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof any case filed in this litigation.

   iv. Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs or their attorneys.

   v. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

   vi. Provide periodic reports to non-PSC plaintiffs' counsel concerning the status of the litigation on no less than a quarterly basis.

   vii. Perform such other functions as may be expressly authorized by further orders of the Court.

  9. No pleadings or other papers shall be filed or discovery conducted

concerning liability on behalf of all plaintiffs except as prepared on behalf of the PSC and signed by Lead Counsel.

## V.    RESPONSIBILITIES OF PLAINTIFFS' LIAISON COUNSEL

10.    Plaintiffs' Liaison Counsel shall be responsible for, among other things:

a.    Receiving on behalf of the attorneys for all plaintiffs notice of all Court orders, notices of pretrial conferences, and other notices applicable to all plaintiffs and acting as the primary contact between the Court and plaintiffs' counsel.

b.    Preparing and transmitting copies of such notices as they may receive as Liaison Counsel to each of the plaintiffs' attorneys of record when service is not already effected upon them electronically under the Local Rules or this Court's other pretrial orders.

c.    Establishing and maintaining a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, which Plaintiffs' Liaison Counsel shall make available to counsel for all plaintiffs upon reasonable request.

d.    Maintaining in conjunction with their accountant records of receipts and disbursements advanced by members of the PSC and received by the PSC and to report in writing to the PSC concerning disbursements and receipts.

e.      Designating counsel to schedule depositions, set agendas, and otherwise interact with defendants' counsel.

f.      Acting as the treasurer for any common benefit assessments and expenses.

11.     Plaintiffs' Lead Counsel, with Plaintiffs' Liaison Counsel as the treasurer for said account(s), shall deposit and invest all assessments for a litigation fund in an interest bearing insured money market bank account or United States Treasury Bills, and pay reasonable litigation expenses subject to a final accounting and approval by this Court. The initial and subsequent assessments shall be determined by the PEC with the assistance of the PSC. All such assessments shall be subject to final accounting at an appropriate time. An attorney's membership as Lead Counsel, Liaison Counsel or as a member of the PEC or PSC shall be contingent on that attorney's continuing commitment to diligent prosecution of this litigation and that attorney promptly paying any assessment for the litigation fund.

## VI.    DEFENDANTS' LEADERSHIP STRUCTURE

12.     The Court appoints the following attorneys and positions:

a.      Defendants' Lead Counsel: Heidi K. Hubbard; Joseph G. Petrosinelli; Loren H. Brown; and F.M. ("Tripp") Haston, III.

b.      Defendants' Liaison Counsel: John E. Joiner; Andrew B.

Johnson; and Matthew A. Holian.

13.    These designations are of a personal nature.  Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them, on their own request or this Court's own motion, should they become unable to do so.

14.    This Court may amend or expand the Defendants' Leadership Structure upon request from defendants or on its own motion, if and as circumstances warrant.  Contact information for all members of the Defendants' Leadership Structure appears on Exhibit B.

## VII.  RESPONSIBILITIES OF DEFENDANTS' LEAD AND LIAISON COUNSEL

15.    Defendants' Lead Counsel are vested by the Court with the authority and duty to act on behalf of all defendants with the responsibilities set forth below, including:  to schedule meetings of defendants and keep minutes or transcripts of these meetings; to appear at periodic court-noticed status conferences and hearings; to sign and file pleadings relating to all actions; and to bind defendants in scheduling depositions, setting agendas, entering into stipulations, and in other necessary interactions with plaintiffs' counsel.  They shall perform other necessary administrative and logistic functions and carry out any other duty as the Court may order.

9

16.    Defendants' Lead Counsel are given the responsibility to create such committees and subcommittees as are necessary to efficiently carry out their responsibilities and to designate members thereof.

17.    Defendants' Lead and Liaison Counsel will have the following responsibilities:

a.    Discovery

i.    Initiate, coordinate, and conduct all pretrial discovery on behalf of defendants in the MDL proceedings and coordinate to the extent possible with the state court proceedings to avoid duplicative depositions or other inefficient discovery.

ii.    Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all defendants.

iii.    Cause to be issued in the name of all defendants the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Requests, notices, and subpoenas may be caused to be issued by Defendants' Lead and/or Liaison Counsel upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

b.    Hearings and Meetings

i.    Call meetings of counsel for defendants for any appropriate

purpose, including coordinating responses to questions of other parties or of the

Court.  Initiate proposals, suggestions, schedules, or joint briefs, and any other

appropriate matter(s) pertaining to pretrial proceedings.

ii.    Examine witnesses and introduce evidence at hearings on behalf of

defendants.

iii.    Act as spokesperson for all defendants at pretrial proceedings and in

response to any inquiries by the Court, subject to the right of any defendant's

counsel to present non-repetitive individual or different positions.

c.    Miscellaneous

i.    Submit and argue any verbal or written motions presented to the

Court on behalf of all defendants as well as oppose when necessary any motions

submitted by the plaintiffs or other parties which involve matters within the

sphere of the responsibilities of Defendants' Lead or Liaison Counsel.

ii.    Negotiate and enter into stipulations with plaintiffs regarding this

litigation.

iii.    Explore, develop, and pursue all settlement options pertaining to

any claim or portion thereof any case filed in this litigation.

iv.    Perform such other functions as may be expressly authorized by

further orders of the Court.

## VIII.  **MISCELLANEOUS PROVISIONS**

18.     The Court recognizes that cooperation by and among plaintiffs'
counsel and by and among defendants' counsel is essential for the orderly and
expeditious resolution of this litigation.  The communication of information
among and between plaintiffs' counsel and among and between defendants'
counsel shall not be deemed a waiver of the attorney-client privilege and/or the
work product doctrine, if the privilege or doctrine is otherwise applicable, and all
of said persons shall maintain the confidentiality of said communications.
Cooperative efforts contemplated above shall in no way be used against any
plaintiff by any defendant or against any defendant by any plaintiff.  Nothing
contained in this provision shall be construed to limit the rights of any party or
counsel to assert the attorney-client privilege or attorney work product doctrine.

19.     The Court recognizes that independent investigations have been
undertaken by various plaintiffs' counsel and defendants' counsel. Certain
investigative materials gathered by individual counsel in the course of their
independent case investigations may constitute attorney work product. All
documents and investigative materials obtained prior to the date of this order will
be shared only with counsel having the same interests and subject to an
agreement regarding the sharing of costs and expenses of obtaining and

producing said investigative material and attorney work product.  The PEC shall make a good faith effort to resolve the cost-sharing issues relevant to independent investigative materials. Any challenges to claims of work product as to investigative materials will be determined by the Court.

20.    This organization of counsel for pretrial proceedings is not intended to constitute a waiver of any party's rights under *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

DONE and **ORDERED** this 1st day of February, 2010.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

EXHIBIT A


Ernest Cory
CORY, WATSON, CROWDER & DeGARIS, P.C.
2131 Magnolia Ave.
Suite 200
Birmingham, AL 35205
Telephone: 205.328.2200
Facsimile: 205.324.7896
Email:  ecory@cwcd.com


Joe R. Whatley, Jr.
WHATLEY, DRAKE & KALLAS, LLC
1540 Broadway 37th Floor
New York, NY  10036
Telephone:  212.447.7069
Facsimile:  212.447.7077
Email: jwhatley@wdklaw.com


H. Blair Hahn
RICHARDSON, PATRICK, WESTBROOK, & BRICKMAN, LLC
1037 Chuck Dawley Boulevard, Building A
P.O. Box 1007
Mt. Pleasant, SC  29464
Telephone:  843.727.6659
Facsimile:  843.727.6642
Email:  bhahn@rpwb.com


Ramon R. Lopez
LOPEZ MCHUGH, LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA  92660
Telephone:  949.737.1501
Facsimile:  949.737.1504
Email:  rlopez@lopezmchugh.com


W. Mark Lanier
THE LANIER LAW FIRM

Tower 56
126 East 56th Street, 6th Floor
New York, NY  10022
Telephone:  212.421.2800
Facsimile:  212.421.2878
Email:  wml@lanierlawfirm.com

Tara D. Sutton
ROBINS, KAPLAN, MILLER & CIRESI, LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:  612.349.8577
Facsimile:  612.339.4181
Email:  TDSutton@rkmc.com

William M. Audet
AUDET & PARTNERS, L.L.P.
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  415.568.2555
Facsimile:  415.568.2556
Email:  waudet@audetlaw.com

Jayne Conroy
HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES, LLP
112 Madison Avenue
New York, NY  10016
Telephone:  212.784.6400
Facscimile:  212.784.6420
Email:  jconroy@hanlyconroy.com

Martin D. Crump
DAVIS & CRUMP, PC
1712 15th Street, Suite 300
Gulfport, MS  39501
Telephone:  800.277.0300
Facsimile:  228.864.0907
Email:  martincrump@daviscrump.com

Clinton B. Fisher
HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES, LLP
112 Madison Avenue
New York, NY  10016
Telephone:  212.784.6400
Facscimile:  212.784.6420
Email:  cfisher@hanlyconroy.com

Marc D. Grossman
SANDERS VIERNER GROSSMAN, LLP
100 Herricks Road
Mineola, NY  11501
Telephone:  516.741.5252
Facsimile:  516.741.0799
Email:  mgrossman@thesandersfirm.com

David Miceli
SIMMONS, BROWDER, GIANARIS, ANGELIDES & BARNERD, LLC
119 Maple Street, Suite 201
Carrollton, GA  30117
Telephone:  770.834.2122
Facsimile:  770.214.2622
Email:  dmiceli@simmonsfirm.com

David Ratner
MORELLI RATNER, P.C.
950 Third Avenue
New York, NY  10022
Telephone:  212.751.9800
Facsimile:  212.751.0046
Email:  Dratner@morellilaw.com

S. Shay Samples
HARE, WYNN, NEWELL & NEWTON, LLP
The Historic Massey Building
2025 Third Avenue North, Suite 800
Birmingham, AL  35203
Telephone:  205.328.5330
Facsimile:  205.324.2165

Email:  shay@hwnn.com

Gerald B. Taylor, Jr.
SIZEMORE & TAYLOR, LLP
316 Magnolia Avenue
Fairhope, AL  36532
Telephone:  251.990.4375
Facsimile:  251.990.4371
Email:  Jerry@sizemoretaylor.net

EXHIBIT B

Defendants' Lead Counsel

Heidi K. Hubbard
Joseph G. Petrosinelli
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  (202) 434-5000
Fax:  (202) 434-5029
Email:  hhubbard@wc.com
         jpetrosinelli@wc.com

Loren H. Brown
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY  10020-1104
Phone:  (212) 335-4846
Fax:  (212) 335-4501
Email: loren.brown@dlapiper.com

F.M. ("Tripp") Haston, III
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35206
Phone:  (205) 521-8303
Fax:  (205) 488-6303
Email:  thaston@babc.com

Defendants' Liaison Counsel

John E. Joiner
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  (202) 434-5024
Fax:  (202) 434-5029

Email:  jjoiner@wc.com

Andrew B. Johnson
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35206
Phone:  (205) 521-8295
Fax:  (205) 488-6295
Email:  ajohnson@babc.com

Matthew A. Holian
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110
Phone:  (617) 406-6009
Fax:  (617) 406-6109
Email: matt.holian@dlapiper.com