# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE:  CHANTIX (VARENICLINE) PRODUCTS LIABILITY LITIGATION** | Master File No.: 2:09-CV-2039-IPJ<br>MDL No. 2092 |
| This Order Relates To:<br><br>    ALL CASES | **PRETRIAL ORDER NO. 2: INITIAL CASE MANAGEMENT** |

**I.    SCOPE AND APPLICABILITY OF ORDER.**

   1.    <u>Scope of Order</u>.  This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("Panel") pursuant to its order of October 1, 2009, any tag-along actions transferred to this Court by the Panel, and any related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto as part of *In re: Chantix (Varenicline) Products Liability Litigation*, MDL No. 2092 (collectively, "the MDL proceedings").

   2.    <u>Application to All Parties and Counsel</u>.  This Order and all subsequent practice and procedure or case management orders shall be binding on all parties and their counsel in all cases currently pending or subsequently transferred or removed to or originally filed in the MDL proceedings and shall govern each case

in the MDL proceedings unless the order explicitly states that it relates only to specific cases.

## II.     PRETRIAL COORDINATION.

3.     <u>Automatic Coordination for Pretrial Purposes</u>.  The civil actions transferred to this Court or related to the actions already pending before this Court are coordinated for pretrial purposes.  Any tag-along actions later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of Alabama, will automatically be coordinated with this action without the necessity of future motions or orders.  This coordination does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

4.     <u>Direct Filing – No Determination Regarding Jurisdiction or Venue</u>.  In order to eliminate delays associated with transfer of cases filed in or removed to other federal district courts to this Court, any plaintiff whose case would be subject to transfer to the MDL proceedings may file his or her case directly in the Northern District of Alabama.  The inclusion of any action in the MDL proceedings, whether such action was or will be filed originally or directly in the United States District Court for the Northern District of Alabama or was or will be transferred or removed from some other court, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District, and shall not result in any

2

abrogation, waiver, restriction or limitation of any defense or right of any defendant subject to this Order.  No reference in this Order to actions filed originally or directly in the United States District Court for the Northern District of Alabama shall constitute a waiver of any defendant's contention that jurisdiction or venue is improper and/or that the action should be dismissed or transferred, or any plaintiff's contention that jurisdiction or venue is proper.  The fact that a case was filed directly in the MDL proceedings also shall have no impact on the choice of law to be applied.

**III.   MASTER AND CASE-SPECIFIC DOCKETS AND FILES.**

5. <u>Creation of Master Docket and Case-Specific Dockets</u>.  The Clerk of Court will maintain a master docket and case file under the style *In re: Chantix (Varenicline) Products Liability Litigation*, MDL No. 2092, Master File No.: 2:09-CV-2039-IPJ ("the master docket"), and will maintain a separate docket and case file for each case removed or transferred or filed in this Court (i.e., each of the actions coordinated for pretrial purposes) ("the case-specific dockets"). When a pleading is intended to apply to all cases, this shall be indicated by the words: "This Document Relates to All Cases."  When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates To."

3

6. <u>Clerk's Docketing of New Cases and Notice to Litigants for New Actions</u>. When an action that properly belongs as part of the MDL proceedings is filed after the date of this Order in the Northern District of Alabama or transferred or removed here, the Clerk of this Court shall:

    a. File a Copy of this Order in the separate file for such action;

    b. Make an appropriate entry on the master docket sheet;

    c. Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order.

    d. Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred or removed cases a copy of this Order.

## IV. FILING AND SERVICE OF DOCUMENTS.

7. <u>Case Subject to ECF; All Counsel Must Register for ECF</u>. This case is subject to Electronic Case Noticing and Filing ("ECF"). Unless otherwise directed by the Court, all documents filed with the Court are to be filed electronically, and courtesy copies of all such documents are to be delivered to the Court. For documents submitted via ECF, no further service is required. All counsel of record are directed to register with the Clerk of Court for ECF Noticing and Filing. All documents shall be e-filed in the master docket. Documents that pertain to one or only some of the pending actions *also* shall be e-filed in the case-specific docket(s) to which the document pertains.

8. <u>Waiver of ECF Registration for Certain Pfizer Counsel</u>. Counsel who appeared on behalf of Defendant Pfizer Inc in any case prior to the transfer of such case to this Court (or who appear on behalf of Pfizer Inc in cases that are later transferred to this Court prior to such transfer) are hereby relieved from the obligation to register for ECF. Defendant's Liaison Counsel shall distribute any papers filed in these proceedings to such counsel as they deem necessary and appropriate.

9. <u>Service of Discovery</u>. Until further Order of this Court, the parties shall serve all papers that are not to be filed with the Court pursuant to Federal Rule of Civil Procedure 5(d), including but not limited to disclosures under Federal Rule of Civil Procedure 26, deposition notices, interrogatories, requests for documents, requests for admission, responses thereto, and certificates of service thereof, by electronic mail on Plaintiffs' Liaison and Lead Counsel and Defendant's Liaison and Lead Counsel. Such papers are not to be filed with the Clerk, nor are courtesy copies to be delivered to the Court, except when specifically ordered by the Court or to the extent needed in connection with a motion. Where a paper is applicable to all cases or substantially all cases, or such categories of cases as may be defined in subsequent Orders, Plaintiffs' Liaison and/or Lead Counsel also shall electronically serve such paper on counsel of record for individual plaintiff(s) to whom the paper is applicable. Where a paper to be

served by Defendant is applicable to a particular case, Defendant's Liaison and/or Lead Counsel shall electronically serve such paper on the counsel of record for the individual plaintiff(s) in that case as well as Plaintiffs' Liaison and Lead Counsel. The parties shall further meet and confer to identify an electronic method for serving and archiving papers that are not to be filed with the Court, if any, or shall request further orders of the Court as necessary.

## V. MASTER COMPLAINT AND ANSWER; PRELIMINARY MOTIONS.

10.   <u>Master Amended Complaint</u>.  Within forty-five (45) days of the date of this Order, plaintiffs shall file a Master Amended Complaint.  Within forty-five (45) days of the date of filing of the Master Amended Complaint, Defendant shall file a Master Answer to the Master Amended Complaint or shall file, pursuant to the Federal Rules of Civil Procedure, a motion seeking dismissal, in whole or in part, of the Master Amended Complaint.

11.   <u>Application of Master Answer</u>.  Defendant is relieved of the obligation to answer either any complaint not yet answered or any complaints in subsequent tag-along actions or other actions governed by this Order, and the Master Answer filed pursuant to this Order shall be deemed the answer in each such action unless and until an answer is filed in such action.

## VI. PRELIMINARY STAY; WITHDRAWAL OF MOTIONS.

12.     <u>Response Extension and Stay</u>.  Pending further order of this Court, all deadlines, including those relating to pleading, discovery, initial disclosures, or trial, are stayed, and no discovery shall be initiated.  All Orders by transferor Courts imposing dates for pleadings, discovery, initial disclosures, or trial are vacated.

13.     <u>Withdrawal of Motions Without Prejudice</u>.  All pending motions, including motions to dismiss or to compel discovery or enforce any prior discovery order or agreement, are hereby deemed withdrawn.

## VII. STATUS CONFERENCES AND AGENDAS; MOTION DATES.

14.     <u>Schedule for Status Conferences</u>.  The Court will convene a status conference in this litigation at 1:00 p.m. on February 23, 2010, and thereafter generally will convene a status conference at 1:00 p.m. on the last Tuesday of every month.  Liaison and/or Lead Counsel shall work with the Courtroom Deputy or other appropriate personnel to designate a "call-in" number so that counsel not attending may monitor the status conference by telephone.  In addition to these status conferences, or in conjunction with them, the Court may, at its election or at the request of the parties, choose from time to time to meet informally with the parties' respective leadership teams.

15.     <u>Submission of Agenda in Advance of Status Conference</u>.  To aid the Court and the parties in preparing for future conferences, Lead Counsel for the

parties shall confer before each status conference and attempt to agree upon a proposed agenda for the conference. The parties shall submit to the Court by email a joint proposed agenda one week prior to the conference. The agendas are intended to aid the Court in informing itself of the items or issues the parties desire to raise at the status conference, and the Court may amend or augment the agendas as it deems appropriate.

      16.    <u>Motion Dates</u>. To obtain a hearing date for any motion, including non-dispositive motions, Plaintiffs' Lead Counsel and Defendant's Lead Counsel shall meet and confer on dates available to counsel. Once they have agreed to several dates, counsel shall jointly contact the Court's Clerk to obtain a hearing date.

**VIII.   ISSUES ON WHICH PARTIES SHALL MEET AND CONFER.**

      17.    <u>Discovery Plan</u>. Lead Counsel for the parties are directed to meet and confer regarding development of a pretrial order pertaining to discovery. On or before February 22, 2010, or as soon thereafter as practicable, the parties shall submit to the Court a proposed joint discovery plan. In accordance with the Court's direction at the conference of January 25, 2010, the plan shall provide for staged discovery, with the first phase of discovery to be focused on the issue of general causation. To the extent the parties are unable to agree with respect to one or more issues to be addressed in the plan, the parties should so indicate their disagreement in the plan and set forth their respective positions.

18. <u>Service of Process</u>.  The parties shall meet and confer with respect to the service of process on Defendant.

19. <u>Coordination</u>.  It is the intent of this Court to undertake efforts to coordinate the above-captioned litigation, whenever practicable, with Chantix-related litigation proceedings in state courts.  Defendant's counsel shall maintain a list of all Judges and Special Discovery Masters involved in Chantix-related litigation pending in state courts so that this Court may communicate with such Judges as necessary.  Defendant's counsel shall submit this list to the Court as required from time to time.

**DONE** and **ORDERED** this the 1st day of February, 2010.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE