Case 2:09-cv-02039-IPJ   Document 640   Filed 08/10/12   Page 1 of 2

Case MDL No. 2092   Document 228   Filed 08/03/12   Page 1 of 2

FILED
2012 Aug-10 AM 11:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: CHANTIX (VARENICLINE) PRODUCTS
LIABILITY LITIGATION**

| | |
|---|---|
| Leela Gosein, etc. v. Publix Super Markets, Inc., et al., ) | |
| S.D. Florida, C.A. No. 1:12-21861 ) | MDL No. 2092 |

## TRANSFER ORDER

**Before the Panel**: Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order conditionally transferring her action (*Gosein*) to MDL No. 2092. Responding defendant Pfizer Inc. (Pfizer) opposes the motion to vacate.

In opposing transfer, plaintiff principally argues that her action was improperly removed from Florida state court, and that transfer is also inappropriate because her action involves claims against not only Pfizer but also the dispensing pharmacy. We respectfully disagree with these arguments. Plaintiff can present her pending motion for remand to state court to the transferee judge.[1] *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). In pharmaceutical MDLs, we typically transfer claims against, for example, a plaintiff's medical provider (or providers) or similar entities, even where they are not the principal defendants in the centralized proceedings, and it makes particular sense to do so where, as here, a remand motion is pending. *See In re: Kugel Mesh Hernia Patch Prods. Liab. Litig.* 560 F. Supp. 2d 1364, 1364 (J.P.M.L. 2008) (denying motion to vacate as to action in which remand motion was pending, and plaintiff asserted claims against not only the principal defendants in the MDL but also various health care providers). Furthermore, a review of plaintiff's complaint demonstrates beyond question that plaintiff's claims involve issues at the core of the MDL. *See* Complaint ¶ 4 (alleging that defendants "intentionally, recklessly, and/or negligently concealed, suppressed, omitted, failed to warn of and/or misrepresented the risks, dangers, defects, and disadvantages of CHANTIX").

After considering all argument of counsel, we find that *Gosein* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Alabama, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization in this docket. In that order, we held that the Northern District of Alabama was an appropriate Section 1407 forum for actions "shar[ing] factual issues regarding, *inter alia*,

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time in which to do so.

- 2 -

Pfizer's design, testing, manufacture, and marketing of Chantix (varenicline), a smoking cessation drug alleged to have numerous adverse side effects, including causing suicidal ideation, depression, seizures, memory loss, and/or other mental or physical ailments." *See In re Chantix (Varenicline) Prods. Liab. Litig.*, 655 F. Supp. 2d 1346, 1346 (J.P.M.L. 2009). Similar to plaintiffs in actions previously transferred to the MDL, the *Gosein* plaintiff alleges that Pfizer knew or should have known that Chantix increased the risk of causing serious injuries and death, including suicide and attempted suicide, and that it failed to warn or failed adequately to warn regarding Chantix's risks.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Alabama, and, with the consent of that court, assigned to the Honorable Inge P. Johnson for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |